# Mahanoy City, etc., Railway Company, Appellant, *v.* Ashland Borough.

*Municipalities—Paving streets—Street railways—Equity.*

A court of equity will not enjoin a municipality at the instance of a street railway company from paving a street in a particular way where the court finds that such paving is a municipal improvement and betterment, intended for the better and modern accommodation of the traveling public, although such paving will increase the difficulty of operating street cars when weather conditions are bad, without, however, rendering the operation of the cars wholly impossible.

Argued Feb. 17, 1909. Appeal, No. 13, Jan. T., 1909, by

plaintiffs, from decree of C. P. Schuylkill Co., July T., 1908, No. 7, dismissing bill in equity in case of Mahanoy City, Shenandoah, Girardville and Ashland Street Railway Company and Schuylkill Railway Company v. Ashland Borough, Lloyd T. Creasy et al. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before BECHTEL, J.

The opinion of the Supreme Court states the case.

The conclusion of law referred to in the opinion of the Supreme Court was as follows:

That the defendant borough's control over and right to improve its streets, by paving, is above any privilege plaintiff company may have under its ordinance and that the proposed paving being for the benefit and advantage of the said community and traveling public it cannot be restrained by plaintiff.

*Error assigned* was decree dismissing the bill.

*R. H. Koch,* with him *F. J. Laubenstein,* for appellants.

*M. M. Burke,* with him *W. C. Devitt,* for appellee.

PER CURIAM, April 12, 1909:

Counsel for appellants fairly criticise the statement in the opinion of the court below that it is not alleged in the bill nor contended by complainants that the proposed paving of Centre street up to the rails of the Mahanoy City, Shenandoah, Girardville and Ashland Street Railway Company will render it impossible to operate its cars upon the said street. There is an averment in the eighth paragraph of the bill that by the paving of the street up to the tracks the right of the company to operate cars will be unlawfully interfered with and frequently entirely prevented; and one of the requests for a finding of fact was that paving the street with vitrified brick against or near the rails of the track will increase the danger of operating the cars and is likely to render such operation

wholly impossible when weather conditions are bad on account of the slipping of the wheels. The court, however, refused to find as so requested. On the contrary, it found that, while the paving of the streets will increase the difficulty of operating the cars when weather conditions are bad, the operation of the cars will not be rendered wholly impossible. A fact found at the request of the defendants was that the paving of the street is a municipal improvement and betterment, intended for the better and modern accommodation of the traveling public. On the first conclusion of law, found at the request of the appellees, the decree is affirmed and the appeal dismissed at appellants' costs.